(No. 78-CV-0102— )

*In re* APPLICATION OF JOHN MIDDLETON.

*Opinion filed May 29, 1980.*

JOHN MIDDLETON, *pro se*, for Claimant.

WILLIAM J. SCOTT, Attorney General (ALAN R. BOUDREAU, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of an incident that occurred on July 30, 1976. John Middleton, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq*.

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, John Middleton, age 25, was a victim of a violent crime, as defined in section 2(c) of the Act, to wit: Aggravated Battery. Ill. Rev. Stat. 1977, ch. 38, par. 12—4.

2. That on July 30, 1976, the Claimant was shot by an unknown offender when he went to the aid of his brother who was being beaten by five offenders. The incident occurred in the hallway of an apartment building located at 1510 W. 13th Street, Chicago, Illinois. The Claimant was taken to Cook County Hospital for treatment. The offender has been apprehended and convicted.

3. That the Claimant seeks compensation for medical/hospital expenses and for loss of earnings.

4. That the Claimant incurred medical/hospital expenses in the amount of $21,701.28, $13,965.00 of which was paid by insurance, leaving a balance of $7,736.28. Of this $7,736.28 balance, the Illinois Department of Public Aid has assumed the responsibility for $5,621.28, leaving a balance of $2,115.00 for which the Claimant is responsible.

5. That the Claimant was employed by Checker Taxi Company prior to the injury and his average monthly earnings were $877.08. Claimant was disabled and unable to work from July 31, 1976, to November 16, 1976, from January 18, 1977, to February 9, 1977, from October 30, 1977, to December 26, 1977, and from May 3, 1979, to May 29, 1979, for a total period of six months and 18 working days.

6. That section 4 of the Act states that loss of earnings shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500.00 per month, whichever is less.

7. That based on $500.00 per month, the maximum compensation for loss of earnings for six months and 18 working days is $3,409.25.

8. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

9. That pursuant to section 7(d) of the Act, this Court must deduct $200.00 from all claims plus the amount of benefits, payments or awards payable under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*), from local governmental, State or Federal funds or from any other source, except annuities, pension plans, Federal Social Security benefits and the net proceeds of the first $25,000.00 of life insurance paid or payable to the Claimant.

10. That the Claimant has received $1,688.57 in disability benefits.

11. That the Claimant is entitled to an award based on the following:

| Compensable Loss of Earnings | $3,409.25 |
| Net Medical/Hospital Expenses | 2,115.00 |
| Total | $5,524.25 |
| Less Disability Benefits | -1,688.57 |
| Less $200.00 Deductible | - 200.00 |
| Total | $3,635.68 |

12. That the Claimant will have additional medical/hospital expenses and loss of earnings in the future as a result of this incident. Therefore, under section 8 of the Act he may petition this Court to reopen his claim in order to determine what additional compensation may be due.

It is hereby ordered that a temporary award of $3,635.68 be and is hereby awarded to John Middleton, an innocent victim of a violent crime.